GUARANTY STATE BANK, CLAREMONT, Respondent, v. RUSSELL, Appellant.

(225 N. W. 53.)

(File No. 6339. Opinion filed April 13, 1929.)

*D. M. Joyce,* of Aberdeen, and *Bruell & Henderson,* of Redfield, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

POLLEY, J.   This action was brought to recover on certain promissory notes from the estate of Dennis P. Henley, deceased.

On the 16th day of January, 1923, the decedent made, executed, and delivered to plaintiff bank his certain promissory note No. 1771 for $1,500, due the 1st day of September, 1923, and secured by a chattel mortgage.   The note not having been paid, the decedent on the 19th day of June, 1924, gave to plaintiff a renewal note for $1,500 due on the 1st day of September, 1924, and upon the back of which note was the following indorsement: "Renewal note of No. 1771, date January 16, 1923, due September 1, 1923, which is secured by a chattel mortgage"—and which was retained and held by plaintiff as collteral security to the original note No. 1771.

On the said 16th day of January, 1923, decedent gave to plaintiff his other promissory note No. 1772, for $1,595.59, which was secured by a chattel mortgage, and was due on the 1st day of September, 1923.   Such payments were made on this note that on the 19th day of June, 1924, there was a balance of ony $600 due thereon, and on this date decedent gave to plaintiff a renewal note for $600, due on the 1st day of September, 1924.   Upon the back of this note was placed the following indorsement: "Renewal of balance of note No. 1772, dated January 16, 1923, due September 1, 1923.   Original amount $1,595.59 which is secured by cattel mortgage."

The maker of these notes died on the 6th day of July, 1924. A special administrator was appointed.   Plaintiff undertook to foreclose its chattel mortgage, and demanded possession of the mortgaged property for that purpose.   The demand was refused, and plaintiff started an action in claim and delivery, and in that way acquired possession of the property.   After plaintiff had advertised the property for sale, the special administrator that had been appointed, procured an order from the circuit court restraining further proceedings by advertisement and requiring that foreclosure

be had by action. Thereafter, acting upon a suggestion by the circuit court, the claim and delivery action was dismissed and the property was turned over to a permanent administrator, who had been appointed by the county court, with the understanding that the property would be sold at administrator's sale and the amount due plaintiff paid to it by the administrator from the proceeds of the sale.

Plaintiff presented to the administrator claims based on the said promissory notes. These claims were accompanied by proper affidavits showing all the payments that had been made on them and the proper balance due at the time of the presentation. The mortgaged property was sold by the administrator. The claims presented by plaintiff based upon the said promissory notes were rejected by the administrator, and by the county court, and this action to recover thereon was brought within the time specified by law.

Upon the trial the court found for the plaintiff in the sum of $2,262 and entered judgment against the administrator for that amount. The court also directed that this amount be paid as a preferred claim against the proceeds of the sale of the mortgaged property. From this judgment and an order denying a new trial, defendant appeals.

Appellant has assigned numerous alleged errors, but there is but one question involved on this appeal, and that is: Did plaintiff, by any conduct shown by the record, forfeit its mortgage lien on the property described in the chattel mortgages?

It is first contended by appellant that when plaintiff took the renewal notes the original notes became paid and the mortgages extinguished. In this contention appellant is clearly wrong. The taking of the renewal notes did not necessarily pay the original notes, and the notation on the renewal notes clearly shows that it was not the intention nor the understanding of the parties that the old notes were paid or extinguished, or that the mortgages were released. Neither was the mortgage lien lost by the return of the mortgaged property to the administrator. It was turned over to the administrator solely for the purpose of saving delay and expense in reducing the property to cash.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and BURCH and BROWN, JJ., concur.
CAMPELL, J., disqualified and not sitting.